UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Civ. No. 16-772 JB/GJF
                                                        Crim. No. 12-3025 JB

JULIO FRANCIA,

    Defendant.

**ORDER QUASHING ORDER TO SHOW CAUSE
AND REQUIRING DEFENDANT TO CURE DEFICIENCY**

This matter is before the Court, *sua sponte*, on Defendant Julio Francia's response to the Court's September 26, 2016 Order to Show Cause [CV ECF No. 7; CR ECF No. 50] and Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [CV ECF No. 1; CR ECF No. 45]. For the following reasons, the Court will quash the Order to Show Cause and require Defendant to file an amended § 2255 motion that complies with the procedural requirements of Rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts.

On July 1, 2016, the Court received and docketed Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, which seeks to invalidate Defendant's conviction and sentence under 18 U.S.C. § 924(c) pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant's § 2255 motion contained a Certificate of Service, indicating that it was delivered to prison authorities for mailing on June 26, 2016. [CV ECF No. 1 at 7; CR ECF No. 45 at 7]

On September 26, 2016, the Court ordered Defendant to show cause why his § 2255

motion should not be dismissed as untimely, since Defendant's § 2255 motion was filed after the June 27, 2016 deadline to file a § 2255 motion seeking relief under *Johnson* and Defendant's Certificate of Service failed to comply with the prison mailbox rule. [CV ECF No. 5; CR ECF No. 48] In response, Defendant submitted an Amended Certificate of Service, in which he attests, under penalty of perjury, that his § 2255 motion was given to prison authorities prior to the expiration of the one-year deadline, on June 26, 2016, first-class postage prepaid. [CV ECF No. 7-1; CR ECF No. 50-1]

As previously explained, a prisoner's mailing will be considered timely under the prison mailbox rule "if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). An inmate may establish a timely filing under the prison mailbox rule in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations under penalty of perjury).

The Court concludes that Defendant's Amended Certificate of Service satisfies the second method for establishing compliance with the prison mailbox rule, because he has submitted a statement, signed under penalty perjury, that he delivered his § 2255 motion for mailing to prison authorities on June 26, 2016 and that first-class postage was prepaid. *See Showalter v. McKune*, 299 F. App'x 827, 829 (10th Cir. 2008) (holding that the plaintiff's appeal should not be dismissed as untimely, because the plaintiff had filed an amended certificate of mailing in compliance with

2

the prison mailbox rule) (unpublished).   Therefore, Defendant's § 2255 is deemed filed as of June 26, 2016—the date on which it was submitted to prison authorities for mailing.   Because Defendant's § 2255 motion was filed within one-year of the date of the issuance of the *Johnson* opinion, it was timely filed under 28 U.S.C. § 2255(f)(3) and the Court's Order to Show Cause will be quashed.   *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

To state a claim for relief, a § 2255 motion must comply with the procedural requirements of Rule2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts.   *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).   Rule 2(b) provides as follows:

> The motion must:
>
> (1) specify all the grounds for relief available to the moving party;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

Rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts. If a § 2255 motion is defective under Rule 2(b), the Court must afford the movant "an opportunity to conform his motion to Rule 2(b)'s procedural requirements."   *Guerrero*, 488 F.3d at 1316; *see also* Rule 2(b) Advistory Committee Notes, 2004 amendments ("The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b).").

In the present case, Defendant's § 2255 motion was not signed under penalty of perjury. Therefore, the motion is defective under Rule 2(b)(5).   The Court will afford Defendant thirty

3

(30) days in which to cure this deficiency by filing an amended § 2255 motion that complies with the procedural requirements of Rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts.   Failure to timely file an amended § 2255 motion may result in the dismissal of this action without further notice.

**IT IS THEREFORE ORDERED** that the Court's Order to Show Cause [CV ECF No. 5; CR ECF No. 48] is QUASHED;

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Defendant file an amended § 2255 motion that complies with the procedural requirements of Rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE